# IN THE SUPREME COURT OF THE STATE OF NEVADA

DELARIAN KAMERON WILSON,
Appellant,
vs.
THE STATE OF NEVADA; THE STATE
OF NEVADA DEPARTMENT OF
CORRECTIONS; AND JAMES
DZURENDA, DIRECTOR,
Respondents.

No. 72570

**FILED**

NOV 03 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant Delarian Kameron Wilson argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Wilson's claim, the district court did not have the benefit of our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017).[1] There, we held that credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years

---

[1]Having considered Wilson's pro se brief and given our decision in *Williams*, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

17-37784

but does not expressly mention parole eligibility. It is unclear whether Wilson is serving a sentence pursuant to such a statute for an offense committed on or between July 17, 1997, and June 30, 2007.

The district court's order indicates that Wilson was convicted of two counts of robbery with the use of a deadly weapon and one count of sexual assault based on conduct that took place in February 2007. *See also Wilson v. State*, Docket No. 52104 (Order of Affirmance, July 7, 2009) (summarizing convictions and sentences on direct appeal from judgment of conviction). Pursuant to NRS 209.4465(7)(b) (1997), the credits that Wilson has earned cannot be applied to his parole eligibility on the sentence for the sexual assault because the sentencing statute, NRS 200.366(2)(b), requires that he serve a minimum of 10 years before he is eligible for parole. In contrast, the credits that Wilson earns can be applied to his parole eligibility on the sentences for the robberies with the use of a deadly weapon because the sentencing statutes, NRS 193.165 (1995) and NRS 200.380(2), do not mention parole eligibility. *Williams*, 133 Nev., Adv. Op. at 5-10.[2] Thus, Wilson would be entitled to relief only if he is serving a sentence for one of the robberies or the attendant weapon enhancements and has not yet appeared before the parole board on that sentence.[3] Because the district court did not have the benefit of our decision in *Williams* and we cannot determine from the record whether the district court nonetheless reached the correct result based on the sentence that Wilson is currently serving, we

---

[2]As indicated in *Williams*, the 2007 amendments to NRS 209.4465 do not apply in this case. *Williams*, 133 Nev., Adv. Op. at 2 n.1.

[3]No relief can be granted on any of the robbery or weapon-enhancement sentences that Wilson has already discharged. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7.

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Linda Marie Bell, District Judge
Delarian Kameron Wilson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk